CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 24 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHERIL ANN CARR,<br>Plaintiff, | )<br>) Civil Action No. 7:07CV00001<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| HANK HAZELWOOD, et al.,<br>Defendants. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff, Sheril Ann Carr, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested pursuant to 28 U.S.C. § 1343. Carr, alleges that she was molested by Hank Hazelwood from March 11, 2004 until August 23, 2004, while she was incarcerated in the Pittsylvania County Jail. Plaintiff contends that during this time, Hazelwood was a Corporal at the Pittslyvania County Jail and that he threatened her not to say anything regarding the alleged molestation. Plaintiff also alleges that, while she was incarcerated in 2004, Deputy Corporal Michael Pickeral used excessive force against her. In addition, plaintiff avers that she was placed in the Pittsylvania County Jail again on April 10, 2006 and that Hank Hazelwood, now a Sergeant, molested her. After reviewing plaintiff's complaint, I find that the 2004 molestation claim against Hazelwood and the 2004 excessive force claim against Pickeral are time-barred and therefore must be dismissed as frivolous pursuant to § 1915(e)(2). Accordingly, only Carr's 2006 molestation claim against Hazelwood shall go forward.

I.

For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. See Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 269 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Carr's alleged constitutional violations took place in Virginia at the Pittsylvania County Jail. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles,

a plaintiff bringing a civil rights action pursuant to § 1983 in Virginia must do so within two years from the time when her cause of action accrues.[1]

In this case, Carr's claim against Hazelwood for molestation took place between March 11, 2004 and August 23, 2004. In addition, Carr's claim against Pickeral for excessive force took place in 2004. Carr's complaint, however, is dated December 28, 2006, which is more than two years after the cause of action accrued for the 2004 molestation claim against Hazelwood. Furthermore, although Carr is clear that the alleged use of excessive force by Pickeral occurred in 2004, she does not provide a specific date. Nonetheless, the only possible way for the claim against Pickeral to be timely would be if the alleged incident had occurred at some point between December 28, 2004 and December 31, 2004. Based on the information provided, I can conclude with reasonable certainty Pickeral's alleged use of excessive force did not occur during this four-day period of time. In "Exhibit A" to her complaint [docket #1], Carr alleges that in March 2004, she was sentenced to six months in jail. There is also a reference to an August 2004 release date in "Exhibit C" of Carr's complaint [docket #1]. Therefore, in the absence of any allegation by Carr that her 2004 incarceration at the Pittsylvania County Jail was extended past December 28, 2004, I find that Carr's complaint is dated more than two years after Pickeral allegedly used excessive force against her.

Before dismissing Carr's claims as time-barred, however, it must be noted that Carr does offer an explanation as to why these claims were not brought within the statute of limitations. First, as to Hazelwood's

---

[1] The time when Carr's cause of action accrues is governed by federal, not state, law. See Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

2

alleged 2004 molestation, Carr alleges that she did not know she could file a lawsuit until she spoke with a lawyer. This is not sufficient toll the statute of limitations because "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Second, as to Pickeral's alleged use of excessive force, Carr claims that she "filed a warrent [sic] on him"[2] in 2004 with a Magistrate in Chatham, VA. Under Va. Code. Ann. § 8.01-229(K), "[i]n any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought." However, Carr has not alleged enough facts to indicate that Va. Code. Ann. § 8.01-229(K) makes her claim against Pickeral timely. Although Carr alleges that she "filed a warrent [sic]" on Pickeral, there is no indication that a criminal prosecution ensued; nor has Carr provided any information regarding the duration of any such prosecution. Thus, in the absence of such information, I cannot find that the two-year statute of limitations for filing a § 1983 action has been tolled under Va. Code. Ann. § 8.01-229(K). Furthermore, while Carr may have believed this was the only available remedy regarding the alleged excessive force, as stated above, ignorance of the law is not a basis for equitable tolling. Sosa, 364 F.3d 507 at 512. Accordingly, I find that Carr's 2004 molestation claim against Hazelwood and her 2004 excessive force claim against Pickeral are barred by the statute of limitations and therefore frivolous.

## II.

Carr's only claim that falls within the statute of limitations is her claim against Hazelwood for molestation alleged to have occurred in 2006. Accordingly, this claim shall go forward.

---

[2] Based on Carr's submissions, it is unclear what type of legal proceeding allegedly took place. In her original complaint, Carr claims she "filed a warrent[sic]" on Deputy Corporal Michael Pickeral in 2004. In "Exhibit A" to Carr's complaint, she claims that she "filed charges" against Pickeral. Carr also claims that she "had to file a grievance and go through the chain of commands." Nonetheless, whatever type of proceeding allegedly took place, for reasons set for above, Carr's claim against Pickeral for an alleged assault in 2004 is still untimely.

3

## III.

For the stated reasons, Carr's claim against Hazelwood for molestation allegedly occurring in 2004; and her claim against Pickeral for the alleged use of excessive force in 2004 are both dismissed as frivolous pursuant to § 1915(e)(2). Carr's claim against Hazelwood for molestation alleged to have occurred in 2006 shall go forward.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 24th day of April, 2007.

                                       Senior United States District Judge