UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

SHERIL A. CARR,

        Plaintiff,

v.                                                    Civil Action No. 7:07cv0001

HANK HAZELWOOD,

        Defendant.

**Brief In Support Of**
**Motion for Summary Judgment**

The defendant, Hank Hazelwood ("Sergeant Hazelwood"), has moved the Court to grant summary judgment in his behalf. F.R.C.P. 56(b). In this brief, he shows why the Court should grant his motion.

**Facts**

In 2006, the plaintiff was an inmate in the Pittsylvania County Jail. Sergeant Hazelwood was a deputy sheriff assigned to the jail at that time. The plaintiff claims that Hazelwood sexually touched her several times.

Sergeant Hazelwood has denied this in his Declaration. Sergeant Hazelwood knew the plaintiff. She is a drug user who has been in the Pittsylvania jail on more than one occasion. Hazelwood Declaration, ¶ 5.

Sergeant Hazelwood says that he did not touch the plaintiff in any improper way. He specifically denies trying to fondle her or touch her breasts or other private parts. Hazelwood Declaration, ¶ 6.

After the plaintiff registered a complaint against Hazelwood and others, the Sheriff's Office conducted an internal affairs investigation. Hazelwood Declaration, ¶ 7. The internal affairs investigation shows that the alleged witnesses to the events involving the plaintiff and Sergeant Hazelwood did not witness any improper contact. Hazelwood Declaration, ¶ 8. Further the investigators searched for a supposedly corroborating letter in a back pack identified by the plaintiff. The back pack contained no such letter. Hazelwood Declaration, ¶ 9.

## Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The essence of the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to the jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52(1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. After the movant makes the required showing, however, the party opposing the motion must set forth specific facts, supported by evidence, showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. The opposing party may not rest on the mere pleadings. *Celotex*, 477 U.S. at 324. "In determining whether summary judgment is appropriate, we must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Odom v. South Carolina Dept. of Corrections,* ___ F.3d ___ 027086, 5 (4th Cir. 2003).

Here, Sergeant Hazelwood has made the requisite showing, and the Court should enter summary judgment in his behalf.

### No Sexual Contact

Sergeant Hazelwood's declaration demonstrates that he had no sexual contact with the plaintiff. The plaintiff is a known drug user and frequent inmate in the Pittsylvania County Jail. In the course of her complaint, she identified a number of inmates who she said would back up her story about Sergeant Hazelwood's alleged assault. When questioned, however, none of these inmates supported her story. Nor did an allegedly incriminating letter show up where she said it would be.

As the record currently stands, Sergeant Hazelwood has stated, under penalty of perjury, that he did not touch the plaintiff in any improper way. Barring the appearance of some credible evidence to the contrary, Sergeant Hazelwood is entitled to summary judgment.

### *De Minimis* Harm

The plaintiff does not claim that Sergeant Hazelwood has caused her more than minimal discomfort and embarrassment. To constitute cruel and unusual punishment,[1] however, harm caused by a correctional officer must be more than *de minimis.*

The requirement of a palpable injury is designed to root out claims, such as the instant one, in which an inmate claims some act of cruelty that is difficult to disprove. This is the objective component of an Eighth Amendment violation, which insures that the inmate has suffered real harm. *Taylor v. McDuffie,* 155 F.3d 479, 484 (4th Cir. 1998); *Sadler v. Young,* 325 F. Supp. 2d 689, 700 (W.D. Va. 2004).

---

[1] The plaintiff does not identify a particular constitutional amendment under which she brings her claim. It is assumed, however, that she is asserting a claim of cruel and unusual punishment under the Eighth Amendment of the Constitution.

The requirement of more than *de minimis* harm applies in sexual assault cases just as it does in any other Eighth Amendment claim. In *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir. 2006), cert. denied 127 S. Ct. 1908, 167 L. Ed. 2d 568, 2007 U.S. LEXIS 3826 (2007), the plaintiff contended that a correctional officer had forced him to masturbate in front of her, on peril of reprisal if he failed to do so. Distasteful as this conduct is, however, the court held that the inmate suffered, at most, *de minimis* harm from the officer's conduct. Thus, the court held that the inmate had not established an Eighth Amendment violation. *Id*. at 1111.

Here, the plaintiff has not even alleged that Sergeant Hazelwood's conduct caused her more than some level of embarrassment. This is a classic case in which the *de minimis* rule should apply, and the Court should grant Sergeant Hazelwood's motion for summary judgment.

## Conclusion

For the reasons stated, Sergeant Hazelwood respectfully requests the Court to grant his motion for summary judgment, and dismiss this case with prejudice.

Hank Hazelwood

By: /s/_____
    Counsel

John A. Gibney, Jr. VSB No. 15754
Attorney for Defendant Hank Hazelwood
ThompsonMcMullan, P.C.
100 Shockoe Slip
Third Floor
Richmond, Virginia 23219
(804)649-7545
Fax (804)780-1813
jgibney@t-mlaw.com

Certificate of Service

  I certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system; and mailed a copy of the foregoing to Sheril A. Carr, Virginia Correctional Center for Women, P.O. Box 1, Goochland, Virginia 23063.

                  _____/s/_____
                   John A. Gibney, Jr. VSB No. 15754
                   Attorney for Defendant Hank Hazelwood
                   ThompsonMcMullan, P.C.
                   100 Shockoe Slip
                   Third Floor
                   Richmond, Virginia 23219
                   (804)649-7545
                   Fax (804)780-1813
                   jgibney@t-mlaw.com

5

Case 7:07-cv-00001-JLK-mfu  Document 33  Filed 11/13/07  Page 5 of 5  Pageid#: 115